UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE MERCADO-GALLART,

      Plaintiff,

v.                                                    Case No:   6:15-cv-1675-Orl-41TBS

GARDA CL SOUTHEAST, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc 9).   Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff Jose Mercado-Gallart was one of 115 opt-in plaintiffs in Rojas v. Garda CL Southeast, Inc., 1:13-cv-23173-DPG (S.D. Fla.), where it was alleged that Defendant Garda CL Southeast, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by classifying employees as exempt under the Motor Carrier Safety Act and failing to pay overtime compensation for hours worked between forty and fifty hours per week (Doc. 1, ¶ 1; Doc. 2, ¶¶ 5-6).   Defendant was granted partial summary judgment in Rojas and the class was decertified on August 28, 2015 (Doc. 1, ¶ 2; Doc. 2, ¶ 6).   On September 2, 2015, Plaintiff filed suit against Defendant in the Ninth Judicial Circuit of Florida, County Court of Orange County, Small Claims Court for unpaid overtime compensation pursuant to the FLSA (Doc. 2).   The action was removed to this Court on October 7, 2015 (Doc. 1).

Plaintiff alleges that he "worked overtime for Defendant without receiving overtime pay for all overtime hours worked."   (Doc. 2, ¶ 13).   Defendant maintains that "Plaintiff was compensated for all time worked at the appropriate wage rate and that he was exempt from overtime pursuant to the Motor Carrier Act exemption."   (Doc. 9, pp. 1-2). Defendant argues that "Plaintiff was an armored car driver/messenger performing nearly identical duties to those performed by the plaintiff in <u>Baez v. Wells Fargo</u>, 938 F.2d 180 (11th Cir. 1991), … [where] the Eleventh Circuit Court of Appeals held that armored car personnel were exempt from the FLSA's overtime requirement."   (Doc. 9, pp. 1-2). Defendant was awarded summary judgment on this defense as to the named plaintiff in <u>Rojas</u>.   Defendant also argues that its "affirmative defenses of lack of willfulness and good-faith compliance are strong given the decisions awarding judgment in its favor with regards to the application of the exemption to Plaintiff's position."   (<u>Id</u>.).   Plaintiff "acknowledges that that the only possible recovery would be 1/2 times his regularly hourly rate for 10 hours[1] during only those admittedly few workweeks in which Plaintiff used a non-commercial vehicle for work-related reasons."   (Doc. 11, p. 2).

The parties filed a notice of settlement on October 14, 2015 (Doc. 5).   Their settlement agreement provides that Defendant will pay Plaintiff $948.54 in damages and $850 in attorney's fees and costs (Doc. 9-1).   The agreement does not include a confidentiality agreement or other non-monetary terms that frequently concern the Court, and Plaintiff has agreed to release only those claims "that relate to the payment of wages and/or overtime for all hours worked."   (<u>Id</u>.).   The parties represent that the agreement for attorney's fees "was separately reviewed by Plaintiff with Plaintiff's counsel

---

[1] Defendant pays its exempt drivers/messengers overtime after 50 hours per week (Doc. 11, p. 2 n.1).

independent of the amounts for Plaintiff's underlying claims."   (Doc. 9, p. 3).   The

settlement agreement does not provide for liquidated damages, so the Court ordered the

parties to supplement their motion with an explanation (Doc. 10), which they did on

December 7, 2015 (Doc. 11).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an

FLSA claim can be settled and resolved in two ways.   First, an employee may settle and

waive claims under the FLSA if the payment of unpaid wages by the employer to the

employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food

Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may

settle and waive claims under the FLSA if the parties present to a district court a

proposed settlement agreement, and the district court enters a judgment approving the

settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine

whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

Id. at 1354-55.   If the parties' settlement reflects a reasonable compromise over issues

that are actually in dispute, the Court may approve the settlement "in order to promote the

policy of encouraging settlement in litigation."   Id. at 1354.   The nature of this lawsuit

prompts the district court's review of the settlement agreement rather than an

examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the

following factors: (1) the existence of fraud or collusion behind the settlement; (2) the

complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiff's success on the

merits; (5) the range of possible recovery; and (6) the opinions of the counsel.  Hamilton

v. Frito-Lay, Inc., No. 6:05CV-592ORL-22JGG, 2007 WL 219981, at *2 (M.D. Fla. Jan. 26,

2007).   There is a "'strong presumption' in favor of finding a settlement fair."  Id. (quoting

Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

        Under the parties' agreement, Plaintiff will receive $948.54 in wages and no

liquidated damages.   The parties dispute the amount Plaintiff is actually owed, but they

acknowledge that Defendant's liability, if any, would be minimal and subject to strong

defenses.   Plaintiff maintains that he should be compensated for 10 hours of overtime for

workweeks in which he used a non-commercial vehicle for work-related reasons (Doc.

11, p. 2).   Defendant argues that Plaintiff was compensated for all time worked at the

appropriate wage rate and that Plaintiff was exempt from overtime pursuant to the

overtime Motor Carrier Act (Doc. 9, pp. 1-2).

        In responding to the Court's order regarding liquidated damages, the parties

explained that their settlement does not provide for liquidated damages because

Defendant had a reasonable basis for believing Plaintiff should be classified as an

exempt employee (Doc. 11, p. 2).   Defendant prevailed on this defense against the

named Plaintiff in Rojas, and Plaintiff concedes that the exemption applied to him when

driving vehicles weighing in excess of 10,000 pounds (Id.).   Plaintiff maintains that the

exemption does not apply in any workweek that he drove a vehicle weighing less than

10,000 pounds, but he admits that there were few weeks where this occurred.   The

parties also represent that this situation presents an undecided legal question in this

Court, but that Defendant has prevailed on the argument in several other courts (Id. at pp.

2-3).

        Both parties are represented by experienced labor counsel and, although this case

settled shortly after it was removed from state court, extensive discovery was performed in Rojas (Doc. 9, p. 5).   The parties and their counsel represent that this settlement is a fair and reasonable resolution of Plaintiff's FLSA claims and that there is no fraud or collusion in the settlement (Id.).   Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement.   The pleadings apprise the Court of the claims and defenses asserted but there are other factors about which the Court has no knowledge which may have influenced the parties to negotiate and compromise this dispute.   Accordingly, I find that the settlement sum represents a fair and reasonable settlement of a bona fide dispute.

     In FLSA lawsuits for unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."   Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).   Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered and that no conflict of interest taints the claimant's recovery.   Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).   "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."   Perez v. Nationwide Protective Servs., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).   The parties agree that $850 in fees and costs is reasonable and that this amount was negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum (Doc. 9, p. 3).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to

his counsel.   See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

III. Recommendation

Upon consideration of the foregoing, I find that the parties' settlement agreement is a fair and reasonable resolution of a bona fide dispute.   Therefore, I **RESPECTFULLY RECOMMEND** the following:

(1) the parties' Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc 9) be **GRANTED**;

(2) the parties' settlement agreement be **APPROVED**; and

(3) that the Court **TERMINATE** any pending motions and **CLOSE** the file.

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record